UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIN K. MAUDE,<br><br>        Plaintiff,<br><br>v.<br><br>DOES 1 THROUGH 10,<br><br>        Defendant. | Case No. 21-cv-08353-VKD<br><br>**ORDER DENYING WITHOUT PREJUDICE RENEWED EX PARTE MOTION FOR EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 18 |

On November 2, 2021, plaintiff Erin Maude moved ex parte for an order authorizing pre-service discovery. Dkt. No. 6. The Court concluded that Ms. Maude had not demonstrated good cause for the proposed discovery and denied her motion without prejudice. Dkt. No. 11. On January 18, 2022 Ms. Maude filed an amended complaint (Dkt. No. 13) and now renews her motion for an order authorizing service of three document subpoenas (Dkt. No. 18). The Court held a hearing on the renewed motion on March 8, 2022. Dkt. No. 26.

Ms. Maude's amended complaint addresses the deficiencies identified in the Court's prior order. In addition, Ms. Maude sufficiently describes her prior efforts to identify and locate the missing defendants. However, the Court finds that the subpoenas are not directed discovery that is reasonably likely to yield identifying information about the missing defendant or defendants that would make service of process possible.

**I.  PROPOSED DISCOVERY**

Ms. Maude asks for permission to serve document subpoenas on Comcast Cable Communications LLC ("Comcast"), Apple Inc. ("Apple"), and Epic Systems Corporation ("Epic"). Dkt. No. 19, Exs. A-C. The Court considers whether the information each subpoena

seeks is reasonably likely to lead to information about a missing defendant that would make service of process possible. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 580 (N.D. Cal. 1999).

### A.     Comcast Subpoena

Ms. Maude's proposed subpoena to Comcast asks for: "Any document identifying the Comcast customer using the Internet Protocol address 98.234.10.23 since February 1, 2021, including the name, address, telephone number, email address, and Media Access Control ("MAC") address associated with use of the Internet Protocol address." Dkt. No. 19, Ex. A.  The renewed motion and supporting materials support Ms. Maude's contention that a person or entity using IP address 98.234.10.23 accessed her Microsoft email account without authorization on or before February 19, 2021.  *See* Dkt. No. 13 ¶ 17; Dkt. No. 20 ¶ 6.  However, Ms. Maude provides insufficient support, by declaration or otherwise, for the scope of the proposed subpoena.  First, she provides no information demonstrating that the IP address likely is associated with an unknown defendant, and that it is not instead a public IP address or an IP address used by many unrelated individuals or entities.  *See*, *e.g., Strike 3 Holdings, LLC v. John Doe Subscriber IP Address 45.30.93.48*, No. 21-cv-02487-VKD (N.D. Cal. Apr. 26, 2021), Dkt. No. 9 at 8–9, Ex. D.  Second, Ms. Maude does not explain why she requires identifying information for a more than one-year period from February 19, 2021 to the present when the unauthorized access occurred on an unspecified date or dates on or before February 19, 2021.  Third, she does not explain why she requires any information beyond the Comcast subscriber's name and physical address in order to serve process.

### B.     Apple Subpoena

Ms. Maude's proposed subpoena to Apple asks for: "All documents every identifying [*sic*] person logged in to Erin K. Maude's Apple ID account since January 1, 2022, including documents showing Internet Protocol addresses and Media Access Control ("MAC") addresses." Dkt. No. 19, Ex. B.  The renewed motion and supporting materials support Ms. Maude's contention that an unknown person or entity gained unauthorized access to some of her Apple accounts and/or devices in 2019, 2020 and 2021.  Dkt. No. 13 ¶¶ 10, 26, 29; Dkt. No. 20 ¶¶ 4, 5,

2

18–20. However, the proposed subpoena is not limited to only those documents necessary to identify the missing defendants. She does not explain why she requires "all documents" identifying "every" person logged in to her Apple ID account since January 1, 2022, including all IP addresses and MAC addresses, particularly when the instances of unauthorized access appear to have occurred before that date. Moreover, while Ms. Maude relies on the declaration of Mr. Manship, a technical consultant, in support of her renewed application, Mr. Manship says only that he "would need to have cooperation from ISPs that control the relevant Internet Protocol addresses" and "it would be helpful to have media access control (MAC) addresses to pinpoint the particular devices being used." Ms. Maude does not explain what information it believes Apple has or how that information would be used to identify a defendant for service of process.

### C. Epic Subpoena

Ms. Maude's proposed subpoena to Epic asks for: "All documents every identifying [*sic*] person logged in to Erin K. Maude's MyChart account since January 1, 2022, including documents showing Internet Protocol addresses and Media Access Control ("MAC") addresses." Dkt. No. 19, Ex. C. The renewed motion and supporting materials support Ms. Maude's contention that an unknown person or entity accessed her medical records in an application called MyChart hosted by or on behalf of her healthcare provider. Dkt. No. 19 ¶ 6; Dkt. No. 20 ¶ 24. It is not clear when the access occurred; Ms. Maude says only that she discovered the access on February 7, 2022. Dkt. No. 20 ¶ 24. However, like the subpoena to Apple, the proposed subpoena to Epic is not limited to only those documents necessary to identify the missing defendants. Ms. Maude does not explain why she requires "all documents" identifying "every" person logged in to her MyChart account since January 1, 2022, including all IP addresses and MAC addresses, particularly when there is no information regarding when the instances of unauthorized access occurred. Similarly, she does not explain how the information she seeks would be used to identify a defendant or defendants for service of process.

### II. CONCLUSION

As Ms. Maude has not shown that the discovery she seeks is limited to obtaining information that will permit her to identify and serve process on the unknown defendant or

3

defendants, the Court denies the renewed application without prejudice. If Ms. Maude chooses to submit yet another application for pre-service discovery, she must attach the proposed subpoenas, and for each, she must show how the discovery requested is limited to only the information necessary to identify and serve the unknown defendants.

**IT IS SO ORDERED.**

Dated: March 10, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge